Paul CHERRY, by his next friend David CHERRY; Lorene Newkirk, by her next friend Carl Newkirk, and Vivian Spaulding, by her next friend Paul Spaulding, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

Cheryl SULLIVAN, in her official capacity as Secretary of the Family and Social Services Administration of the State of Indiana, Defendant–Appellee.

No. 93–3504.

United States Court of Appeals, Seventh Circuit.

Argued April 18, 1994.

Decided July 20, 1994.

Dennis K. Frick (argued), Claire E. Lewis, Legal Services Organization of Indiana, Inc., Indianapolis, IN, for plaintiffs-appellants.

Harold R. Bickham, Asst. U.S. Atty., Jon Laramore (argued), Office of Atty. Gen., Gen. Litigation, Indianapolis, IN, for defendant-appellee.

Before CUMMINGS, MANION and ROVNER, Circuit Judges.

CUMMINGS, Circuit Judge.

■ In May 1990 plaintiffs filed a class action lawsuit seeking declaratory and injunctive relief. Subsequently the district court certified a plaintiff class of "all married Medicaid applicants in the state of Indiana, who have lived in a nursing home since before September 30, 1989, and who have been found ineligible for the Medicaid program because of resources owned by their spouses living at home." The following day the court issued a preliminary injunction, later vacated, enjoining the defendant Secretary "from applying a methodology for computing resources which is more restrictive than the methodologies provided under the Supplemental Security Income Act, or from excluding the plaintiff class from participating in the Medicaid program in any way inconsistent with the requirements of the Medicare Catastrophic Coverage Act of 1988."

In May 1992 the federal Department of Health and Human Services filed an *amicus* brief supporting defendant's position. A few months later the court entered judgment in favor of defendant and against the plaintiff class. However, the district court stayed its judgment pending appeal. We affirm the judgment of the district court for the reasons given in *Mowbray v. Kozlowski*, 914 F.2d 593 (4th Cir.1990),* and in the Entry of Judge Barker, reported in 832 F.Supp. 1271 (S.D.Ind.1993).

*Facts*

Plaintiff Paul Cherry and his wife Naomi Cherry were married in 1934 and lived together until 1987 when he entered a nursing home due to Alzheimer's disease. In April 1990 an application for Medicaid was filed for Mr. Cherry. Although he owned resources of less than $1,500, his wife had $44,000 in funds. He was denied Medicaid because of her assets.

Plaintiff Lorene Newkirk was married to Carl Newkirk in 1947 and they lived together until 1988 when she entered a nursing home after suffering multiple strokes. In September 1989 an application for Medicaid was filed for Mrs. Newkirk. Although she owned

* We cited *Mowbray* with approval in *Roloff v.*     *Sullivan,* 975 F.2d 333, 340 n. 11 (1992).

no resources, her husband had $18,000 in funds, so that she was denied Medicaid.

Plaintiff Vivian Spaulding was married to Paul Spaulding in 1938 and they lived together until February 1982 when she entered a nursing home after suffering from depression and Parkinson's disease. Mr. Spaulding paid for his wife's care until April 1990 when his assets were depleted. He then filed an application for Medicaid for his wife and she was awarded Medicaid effective April 1, 1990. When the preliminary injunction was entered he began to save part of his monthly income in order to provide for his own medical needs or for repair of his home, and he had saved $7,000 by December 1991.

Mr. Cherry, Mrs. Newkirk and Mrs. Spaulding died while this case was pending but 200 persons remained in their class as of July 1, 1993.

In *Mowbray* the question was whether Virginia's relatively restrictive criteria making a class of blind, disabled or aged persons owning land contiguous to their homes ineligible for Medicaid violated Section 303(e) of the subsequent Medicare Catastrophic Coverage Act (42 U.S.C. § 1396a(r)(2)). The same question was before the district court in the present case as to Indiana's ineligibility rule (470 IAC 9.1–3–17) that antedated Section 303(e).

As explained in *Mowbray*, Congress did not effect any repeal of Section 209(b) of the Medicaid statute (42 U.S.C. § 1396a(f)) that permitted a state to continue using more restrictive criteria for eligibility for assistance to the aged, blind and disabled than the more generous federal criteria because (1) Congress did not endorse a repeal through a clear and plain statement, (2) the two statutes are capable of co-existence, and (3) the Secretary of Health and Human Services' interpretation against repeal was entitled to deference (914 F.2d at 598). As Judge Wilkinson added, the legislative history showed that Congress intended to preserve a state's restrictive methodology (914 F.2d at 600).

█ Thus the *Mowbray* opinion fully supports Judge Barker's construction of these two statutes. However, in the present case

plaintiff has also mounted an equal protection challenge. We agree with the district judge that Indiana, as do other states, has a legitimate interest in controlling Medicaid expenditures and seeing that Medicaid dollars are allotted to only the truly needy recipients. Furthermore, as pointed out by the court below, Indiana has the additional legitimate interest in recognizing the marital relationship for what it is, a relationship of interdependence wherein it is neither unfair nor unrealistic to require one spouse to support the other, in particular to help meet the obligation to pay for family medical bills.

*Mowbray* and the opinion below convince us to affirm the judgment of the district court.